Brenda Delila VASQUEZ, Edgar Vasquez, Petitioners,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Peter D. Keisler, Acting

United States Attorney General *,
Respondent.

Nos. 06–3318–ag, 06–3403–ag.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Bruno Joseph Bembi, Hempsted, NY, for Petitioner.

Eric W. Marsteller, Trial Attorney, for Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Brenda Delila Vasquez ("Brenda") and Edgar Vasquez, natives and citizens of Guatemala, seek review of two June 21, 2006, orders of the BIA affirming the March 16, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying their applications for special rule cancellation of removal, cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Brenda Delila Vasquez*, No. A 73 166 362 (B.I.A. June 21, 2006) & *In re Edgar Vasquez*, No. A 73

560 938 (B.I.A. June 21, 2006), *aff'g* Nos. A 73 166 362 & A 73 560 938 (Immig. Ct. N.Y. City Mar. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Petitioner Brenda Vasquez claims that the IJ applied the wrong standard when evaluating her application for cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105–100, 111 Stat. 2193 (1997) (codified at 8 U.S.C. § 1101 note), *as amended by* Pub L. No. 105–139, 111 Stat. 2644 (1997). Both petitioners together claim that the IJ denied them due process by refusing to admit into evidence various documents they had offered in support of their application for cancellation of removal under 8 U.S.C. § 1229b, and that the IJ further erred by applying the incorrect legal standard when evaluating this claim. Finally, Brenda claims that the IJ erred by rejecting her applications for asylum, withholding of removal, and for relief under CAT on account of a finding that her testimony was "meager."

The IJ's analysis is often unclear, particularly with respect to what evidence she relied on for each claim and what her specific factual findings were. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

The petition for review is therefore GRANTED, the IJ's decision is VACAT-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

ED, and we REMAND for further proceedings.